# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**CLIFF JOSHUA CARLOCK**                                                            **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 4:14CV-P14-M**

**DAVID OSBORNE**                                                            **DEFENDANT**

## MEMORANDUM OPINION

*Pro se* Plaintiff, Cliff Joshua Carlock, proceeding *in forma pauperis* filed an action under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Daviess County Detention Center [DCDC]. He brings this action against David Osborne in his official capacity as the Jailer of the DCDC. As relief, Plaintiff seeks monetary and punitive damages. Further, Plaintiff requests the Court to "[i]nform every inmate, regardless of pre conviction or post conviction, or custody status, that they have the right to view the Law library and/or Law information . . . [for a] reasonable amount of time decided by the Court to access the Law Library."

In his complaint, Plaintiff states that he "wanted to access the law library at the [DCDC] . . . to fully benefit my case[1] as my Public defender only has limited time to research and prepare my case for court." According to the complaint, on December 14, 2013, Plaintiff requested "on the Jails electronic Kiosk" in his cell to "access the law library to research [his] case." Plaintiff

---

[1] Although Plaintiff fails to identify the case to which he is referring, it appears that he is referring to the underlying criminal action for which he is being detained.

states that he "sent the request . . . to the miscellanous category." On January 24, 2014, according to Plaintiff, he sent a "complaint on the civil rights category on the Jails electronic kiosk . . . stating that [his] original request [had] been unanswered and [he] believe denied." Plaintiff states that in the electronic complaint he submitted, he asked to file a civil rights complaint because he "did not have access to the law library to research and fully benefit [his] case." According to Plaintiff, he received a response the same day stating, "The Law Library Is Unavailiable. You May Request Assistance From Your Attorney. We Have No Control Over How Much Time Your Attorney Has To Work On Your Case. You May Also Request Assistance From Your Family And Friends If You Desire." As of February 15, 2014, according to Plaintiff, he had not received any response to the original request submitted on the jail's kiosk requesting access to a law library.

Plaintiff states that the Inmate Handbook for the DCDC "states that Law information is avaliable to individuals who are not represented by an attorney, but an individual must refer questions to their attorney if they have one." Attached to the complaint are some pages from the DCDC Inmate Handbook [Handbook]. Section 31 of the Handbook is captioned "Law Information," and states as follows: "a. Inmates represented by an attorney shall direct their requests for law information to their attorney. b. Inmates not represented by an attorney may request specific information by sending a request to 'Administration' on kiosk."

Plaintiff contends that Defendant violated his Fifth and Fourteenth Amendment Due Process rights, "[a]s well as the 9th admendment rights retained by the people and the 1st admendment freedom of speech and press pertaining to the freedom of information act."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges that he has a constitutional right to have access to a law library "to fully benefit [his] case as [his] Public defender only has limited time to research and prepare [his] case for court." According to the DCDC Inmate Handbook provided by Plaintiff, inmates represented by an attorney "shall direct their requests for law information to their attorney." Plaintiff states that he does not have questions for his attorney, but wants to research his case for "Legal information, that is free to all people." He contends that regardless of the fact that he has legal counsel, he wants access to a law library to "research and fully benefit [his] case." Failure to provide him with such access, Plaintiff alleges, violates various constitutional and statutory provisions.

#### A. *First Amendment Claim*

Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance. *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985). The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . ."). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present

4

claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds v. Smith*, 430 U.S. at 825). Moreover, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983).

In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351. "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court held in *Christopher* that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to his pending criminal action or any other pending legal action or state how any legal action in which he is involved was hindered. Further, he has an attorney representing him in the legal action for which he seeks the use of a law library. Accordingly, Plaintiff's claim that he was denied access to a law library fails to state a constitutional violation.

### B. *Fifth Amendment Claim*

The Fifth Amendment Due Process Clause provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. The Fifth Amendment restricts the powers of the federal government. *Griswold v. Connecticut*, 381 U.S. 479, 492 (1965); *Gideon v. Wainwright*, 372 U.S. 335, 340-41 (1963). Plaintiff's claim regarding lack of access to a law library at the DCDC does not involve the federal government. His claim is against a county jail official. Accordingly, his Fifth Amendment claim fails.

### C. *Ninth Amendment Claim*

The Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). Consequently, the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claims." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Therefore, Plaintiff fails to state a claim under the Ninth Amendment.

### D. *Fourteenth Amendment Due Process Claim*

The Fourteenth Amendment prohibits any State from depriving "any person life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. "The point is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty,

and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). The first inquiry in a Fourteenth Amendment Due Process claim is whether the interest at stake is within the Fourteenth Amendment's protection. *Arnett v. Myers*, 281 F.3d 552, 564 (6th Cir. 2002). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). "Only after reaching a conclusion that the interest claimed is within that protection does this court consider the form and nature of the process that is due." *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002).

"[P]roperty interests are not created by the Fourteenth Amendment, rather they are created and defined by independent sources, such as state law." *Id.* As previously discussed, the courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. Plaintiff fails to provide any source which creates a right for him to access a law library. Liberty interests which are protected by the Due Process Clause involve the State taking action and are generally limited to freedom from restraint. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's claim does not involve the State taking anything from him nor does it involve him being restrained. Having failed to raise any interest protected by the Fourteenth Amendment, Plaintiff fails to state a claim under that constitutional provision.

### E. Freedom of Information Act Claim

The Freedom of Information Act [FOIA] is a part of the Administrative Procedure Act [APA]. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989). Generally, FOIA requires federal agencies to release government records upon request,

subject to listed exceptions.  *See* 5 U.S.C. § 552.  "[B]eyond question . . . FOIA applies only to federal . . . agencies."  *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999); *see also Day v. Shalala*, 23 F.3d 1052, 1064 (6th Cir. 1994) ("[T]he APA applies only to federal agencies . . . .").  FOIA deals only with "agency records."  *Forsham v. Harris*, 445 U.S. 169, 185 (1980) ("The Freedom of Information Act deals with 'agency records,' not information in the abstract.").  Plaintiff's allegation of wrongdoing does not involve a federal agency or federal records.  Accordingly, he fails to state a FOIA claim.

## IV.  CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A(b)(1).

Date: May 27, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　 Defendant
　　 Daviess County Attorney
4414.003